**2013 UT App 165**

## THE UTAH COURT OF APPEALS

WILLIAM LOGAN GREEN,
Petitioner,
*v.*
LABOR COMMISSION AND ABF FREIGHT SYSTEMS AND/OR
AMERICAN INSURANCE COMPANY,
Respondents.

Memorandum Decision
No. 20120375-CA
Filed July 5, 2013

Original Proceeding in this Court

Brian D. Kelm, Attorney for Petitioner
Alan L. Hennebold, Attorney for Respondent
Labor Commission
Lori L. Hansen and Cody G. Kesler, Attorneys for
Respondents ABF Freight Systems and/or
American Insurance Company

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES WILLIAM A. THORNE JR. and J. FREDERIC VOROS JR.
concurred.

DAVIS, Judge:

¶1     William Logan Green seeks review of the Utah Labor
Commission's decision reversing the Administrative Law Judge's
(ALJ) award of workers' compensation benefits. We decline to
disturb the Commission's decision.

¶2     The issue at hand is whether Green timely informed his
employer, ABF Freight Systems (ABF), that he was injured in an
industrial accident on May 24, 2009, as required by the Utah Code.

*See generally* Utah Code Ann. § 34A-2-407(1), (3) (LexisNexis 2011)[1] (requiring an employee to report an industrial accident to his employer or the Division of Industrial Accidents within 180 days of the accident). The ALJ concluded that the preponderance of the evidence indicated that Green had timely reported the accident, while the Commission reached the opposite conclusion based on the same evidence.

¶3     We will not disturb the Commission's findings of fact if they are "based on substantial evidence, even if another conclusion from the evidence is permissible." *Hurley v. Board of Review of the Indus. Comm'n*, 767 P.2d 524, 526–27 (Utah 1988). "[A] party challenging the [Commission]'s findings of fact must marshal[] all of the evidence supporting the findings and show that despite the supporting facts, and in light of the conflicting or contradictory evidence, the findings are not supported by substantial evidence." *See Grace Drilling Co. v. Board of Review of the Indus. Comm'n*, 776 P.2d 63, 68 (Utah Ct. App. 1989) (emphasis omitted).

¶4     Green marshals the evidence in favor of the Commission's decision by first recognizing that absent from the record is any evidence of the paperwork typically filed when an industrial accident is reported within the required 180-day period after the accident. Additionally, according to testimony of the manager of ABF's Salt Lake City branch (Manager), Green had told Manager that his neck problems were not related to work. Furthermore, Manager testified that all of ABF's employees are aware of and regularly reminded of the importance of reporting work-related injuries and that failure to do so timely could jeopardize an employee's job. Manager also testified that Green's wife had requested the forms necessary for Green to receive family medical leave benefits rather than workers' compensation benefits. Further,

---

1. Where there have been no substantive changes to the sections of the Utah Code relevant to our analysis, we cite the current version for the convenience of the reader.

Green's supervisor (Supervisor) testified that although he and Green had a good rapport, communicated well with each other, and often talked about Green's health issues, he had no recollection of Green ever attributing his health problems to a work injury.

¶5    Green argues that the Commission nonetheless made several inaccurate findings of fact that skewed its decision. In particular, Green contends that a "progress note" from one of his doctors (Doctor), dated July 1, 2009, refutes the Commission's assertion that none of Green's physicians attributed, or even mentioned, his work accident in their medical files within the 180-day period. The progress note states, in relevant part, "Left neck pain onset 2 [years] ago when crawled under truck/trailer[,] worse X2 months." Green interprets the note as evidence that Doctor attributed Green's injuries to the May 2009 accident. Because of this, Green concludes, it became Doctor's responsibility to file the requisite workers' compensation paperwork, and Doctor's failure to fulfill his duties should not bar Green's claims. We, however, are not persuaded that the Commission's failure to address this progress note renders its decision erroneous; the note is simply too unclear to outweigh the other evidence relied on by the Commission.

¶6    Green also challenges the Commission's finding that his "testimony at the hearing [was] somewhat equivocal as he did not assert that he told ABF's dispatchers that he was injured while working." Green testified that after he attempted to forcefully pull a lever on his semi-truck that detaches the tractor from the trailer, he felt "a real sharp pain in [his] shoulders," and that "[e]very time [he] turned [his] head to the left [his] face would go numb and [he] . . . couldn't talk." Green testified that after this happened he "[j]ust drove home. Just called dispatch. They said, [w]ell, go home."[2] On appeal, Green contends that his testimony, "in context, . . . indicates

_____

2. Green explained that his May 2009 accident occurred while he was in Las Vegas, Nevada for work. He testified that his drive from Las Vegas to his home in Salt Lake City took upwards of eight hours.

that he began his response a step ahead of himself, restarted, and restated himself more correctly to indicate that[] the first thing he did[] was call dispatch" and report the incident. The ALJ considered Green to be a credible and articulate witness. The ALJ noted that there was no evidence in the record discrediting Green's testimony or character while there was evidence both establishing his credibility as a witness, i.e., paperwork confirming that Green was taken off of the work schedule two days after the May accident, and conscientiousness as an employee, i.e., evidence that Green requested permission to return to work earlier than his physician advised.

¶7     Be that as it may, Green has nonetheless failed to point to any clear indication in his testimony or elsewhere that he actually reported the industrial accident when he called dispatch. He does not say as much in his testimony, and he has not directed our attention elsewhere in the record to support this conclusion.[3] We agree only with Green's acknowledgment that his testimony was "not a model of clarity."

¶8     Although both the ALJ's and the Commission's interpretations of the facts are reasonable, the applicable standard of review limits our analysis to a determination of whether the Commission's findings are supported by substantial evidence. We conclude that they are. The Commission apparently found Manager's and Supervisor's testimonies more convincing than Green's and interpreted the absence of affirmative evidence establishing that the accident was reported to ABF or to any of Green's physicians as evidence that it was not, in fact, reported on time. Even if the absence of affirmative evidence could also reasonably be interpreted to support the ALJ's conclusion and indicate the opposite—that there is no evidence that a report was not timely filed—"this court will not substitute its judgment as

---

3. The testimony is also unclear as to whether Green called dispatch before he drove home from Las Vegas, after he got home, or both.

between two reasonably conflicting views," *Grace Drilling Co. v. Board of Review of the Indus. Comm'n*, 776 P.2d 63, 68 (Utah Ct. App. 1989). "It is the province of the [Commission], not appellate courts, to resolve conflicting evidence, and where inconsistent inferences can be drawn from the same evidence, it is for the [Commission] to draw the inferences." *See id.* Accordingly, we do not disturb the Commission's decision.

———————